# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-0640** (Monongalia County 13-F-281)

**Leroy Danser,**
**Defendant Below, Petitioner**

**FILED**

April 13, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Leroy Danser, by counsel David Anderson, appeals the Circuit Court of Monongalia County's May 12, 2014, order sentencing him to a term of one to ten years in prison for his conviction of one count of grand larceny. The State, by counsel Derek Knopp, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in excluding evidence that was discovered on the last day of trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2013, a Monongalia County Grand Jury indicted petitioner on one count of grand larceny. Following a three-day jury trial, petitioner was convicted of one count of grand larceny for stealing a swing set in violation of West Virginia Code § 61-3-13(a). The circuit court sentenced petitioner to one to ten years in prison for one count of grand larceny.

On appeal, petitioner argues that the circuit court erred in excluding a photograph on the last day of his trial, which petitioner contends depicts him and his father assembling a similar play set several days before the alleged crime occurred. Petitioner argues that the photograph "raised a reasonable inference" of his guilt and that the circuit court further erred in denying a witness from authenticating the photograph. Rule 403 of the West Virginia Rules of Evidence provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[1] We review a trial court's evidentiary

---

[1]We note that the West Virginia Rules of Evidence were amended effective September 2, 2014. All references to Rule 403 in this memorandum decision will be based on the rule as it existed during the pendency of this case.

1

rulings and application of the Rules of Evidence under an abuse of discretion standard. Syl. Pt. 4, *State v. Rodoussakis*, 204 W. Va. 58, 511 S.E.2d 469 (1998). The record in this case is devoid of any proof that the probative value of this evidence, if any, was outweighed by its prejudicial effect. We find no abuse of discretion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: April 13, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Menis E. Ketchum

2